1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    KHOR CHIN LIM,                          Case No.  25-cv-02660-LJC

8                    Plaintiff,

9          v.                                **ORDER GRANTING APPLICATION
                                             TO PROCEED IN FORMA PAUPERIS
10   NEW YORK STATE BOARD OF LAW             AND DENYING WITHOUT
     EXAMINERS, et al.,                      PREJUDICE MOTION FOR SERVICE
11                                           OF PROCESS**
                    Defendants.
12                                           **ORDER TO SHOW CAUSE WHY
                                             CASE SHOULD NOT BE DISMISSED**
13
                                             Re: Dkt. Nos. 1, 3, 6
14

15        **A.      Application to Proceed in Forma Pauperis**

16        Plaintiff Khor Chin Lim, pro se, has applied to proceed in forma pauperis.  ECF No. 3.

17   Sufficient cause having been shown, that application is GRANTED.

18        **B.      Sufficiency of Complaint**

19             **1.      Legal Standards**

20        A district court must dismiss a case filed without the payment of the filing fee whenever it

21   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

22   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

23   relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  If the Court dismisses a case pursuant to

24   § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee.  Such

25   dismissal is not on the merits, but rather an exercise of the court's discretion under the statute

26   governing cases filed in forma pauperis.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Courts

27   conducting this review assess whether the complaint "lacks an arguable basis either in law or in

28   fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

United States District Court
Northern District of California

United States District Court
Northern District of California

Under § 1915(e)(2)(B)(i), frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A complaint may be dismissed as "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32–33.

A court must dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) where it is based solely on conclusory statements or naked assertions without any factual basis, lacking sufficient factual allegations to render the claims asserted plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Complaints that are "highly repetitious, or confused, or consisted of incomprehensible rambling" also violate the federal pleading standard. *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss an overly convoluted complaint for its failure to meet that requirement. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.") District courts have held dismissed complaints that fail to state a "short and plaint statement" standard as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). *E.g.*, *Franklin v. Newsom*, No. 3:21-cv-01645-GPC-BGS, 2021 WL 5827117, at *4–5 (S.D. Cal. Dec. 7, 2021); *Washington v. Deleon*, No. 19-cv-02271-JCS, 2019 WL 11691426, at *6 (N.D. Cal. May 7, 2019), *recommendation adopted*, 2019 WL 11691197 (N.D. Cal. May 28, 2019).

The Federal Rules also place limits on a plaintiff's ability to name multiple defendants in the same lawsuit. Multiple defendants may be joined in a single action only where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

At least one decision from this district has found a complaint to be frivolous under § 1915(e)(2)(B) based on "extreme failure to comply with the rules for joinder," where a plaintiff sued a wide range of defendants over conduct spanning many states and years and offered no more than conclusory assertions of "some conspiracy or concerted action among all ninety defendants." *Cooney v. City of San Diego*, No. 18-cv-01860-JCS, 2018 WL 11249355, at *3 (N.D. Cal. June 28, 2018), *recommendation found moot*, 2018 WL 11249356 (N.D. Cal. July 17, 2018) (finding review under § 1915(e)(2)(B) to be moot after the plaintiff paid the filing fee).

Complaints filed without counsel must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

### 2.    Plaintiff's Complaint Appears Frivolous

As demonstrated by the attachments to his present Complaint (ECF No. 1), Plaintiff has previously filed many other cases in many other courts. He does not appear to have met with success. The Eastern District of Wisconsin found an apparently similar complaint that Plaintiff filed in 2021 to be frivolous, and noted that the Western District of Wisconsin reached the same conclusion in several previous cases:

> The complaint is largely incomprehensible but does make out a general laundry list of grievances against each defendant for wrongs ranging from a bad grade on an economics quiz in 1996, ECF No. 1 ¶ 34, to a massive conspiracy by several jurists, police officers, prosecutors, public defenders, the CEO of JP Morgan Chase, and President Barack Obama to wrongly convict Lim of possession of Molotov cocktails and prevent his appeal, ECF No. 1 ¶ 33. The list goes on, and there are several more allegations, each as fantastical as the next. Furthermore, Lim has a history of filing frivolous lawsuits. *E.g.*, *Lim v. City of Chicago*, No. 13-CV-347-BBC, 2013 WL 3967889, at *1 (W.D. Wis. July 31, 2013) ("[Lim] is restricted from filing new cases without paying the full filing fee because he has filed at least three cases in this court that have been deemed frivolous.").

*Lim v. JP Morgan Chase Bank NA*, No. 21-CV-1277-SCD, 2021 WL 11586133, at *1 (E.D. Wis. Nov. 16, 2021), *recommendation adopted*, 2021 WL 11586132 (E.D. Wis. Dec. 1, 2021).

United States District Court
Northern District of California

One might reasonably wonder what *this* action, where the first defendant to appear in the caption is the New York State Board of Law Examiners, has to do with a prior case against former President Barack Obama and JP Morgan Chase CEO Jamie Dimon.  But Obama and Dimon are also named as defendants here, among *hundreds* of other people and entities, including—to name a very small sample of them—the People Action Party of Singapore, the accounting firm Deloitte & Touche, the Government of Malaysia, the Board of Regents of the University of Wisconsin System, 24 Hour Fitness, the City of Santa Monica, Microsoft, Georgia election workers Ruby Freeman and Wandrea "Shaye" Moss, and apparently most if not all Democratic members of Congress.  The caption alone of Plaintiff's Complaint runs seventeen pages long, and the description of parties continues to page sixty-three.

Like in the Wisconsin case, to the extent that the Complaint here is intelligible, it is a comprehensive list of grievances and misfortunes over multiple decades of Plaintiff's life.  The events at issue range from legal proceedings in Southeast Asia in the early 1990s, through Plaintiff failing nursing exams at the University of Dubuque in Iowa in the early 2000s, through several car accidents in Northern California in the last few years, among many other incidents.  *See* Compl. at 69–71.  To the extent Plaintiff asserts that the hundreds of defendants he has named conspired together or acted in concert, his allegation to that effect are conclusory.  Moreover, the underlying implication that bribery by associates of Lee Kuan Yew (a former Prime Minister of Singapore), *see* Compl. at 68, is behind Plaintiff's criminal prosecutions, failures to pass multiple professional examinations, car accidents, rejection by universities, and various other troubles in the United States, appears to be fanciful.[1]  That sort of implausible conspiracy theory suggests that the Complaint is "frivolous" within the meaning of § 1915(e)(2)(B), *see Denton*, 504 U.S. at 32–33, as does Plaintiff's "extreme failure to comply with the rules for joinder," *see Cooney*, 2018 WL 11249355, at *3.

The relief that Plaintiff seeks is similarly scattered, including (as but a few examples): a

---

[1] Notably, an attachment to Plaintiff's Complaint indicates that he was found unfit to stand trial in Illinois "based on his symptoms of a psychotic disorder (i.e. paranoid, grandiose, and persecutory delusions)."  Compl. at 122

1    declaration that all "election results obtained by Republican Party candidates in the 2024 General

2    election are invalid," rendering Kamala Harris the winner of the presidential election by default *id.*

3    at 73, ¶ 1; an order requiring Malaysian Prime Minister Anway Ibrahim to tender his resignation,

4    *id.* at 75, ¶ 13; "An injunction restraining arms manufacturer as follows [sic; none are listed] from

5    supplying arms to Israel, Ukraine, and province of Taiwan," *id.* at 75, ¶ 18; a declaration that

6    Plaintiff is actually innocent of criminal charges to which he pled guilty in 2013, *id.* at 75, ¶¶ 19–

7    20; "A Declaration that plaintiff has passed the Nursing Board Exams and is registered as a

8    Registered Nurse in the State of his choice," *id.* at 76, ¶ 23, and an injunction prohibiting author E.

9    Jean Carroll from opposing any appeal or application by President Donald Trump regarding the

10    judgments entered in Carroll's favor against him, *id.* at 78–79, ¶ (E).  Plaintiff's requests for relief

11    that have no apparent connection to Plaintiff himself (or to his factual allegations) reinforces the

12    Court's conclusion that the Complaint is frivolous.

13        Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be

14    dismissed, by filing no later than three weeks from the date of this Order either an amended

15    complaint or a response arguing why his current complaint is sufficient.

16        **C.    Motion for Service of Process**

17        Plaintiff's motion for service of process by the U.S. Marshal is DENIED without prejudice

18    to the Court ordering such service in the future if Plaintiff resolves the deficiencies identified

19    above.

20        **D.    Filings Referencing Application for Temporary Restraining Order**

21        In conjunction with his Complaint, Plaintiff filed a document captioned as a memorandum

22    in support of an ex parte motion for a temporary restraining order.  ECF No. 4.  Plaintiff has since

23    filed a "Supplemental Memorandum of Points and Authorities in Support of Ex Parte Motion for

24    Temporary Restraining Order."  ECF No. 12.  Plaintiff has not, however, filed an actual motion

25    for a temporary restraining order.  The Court cannot construe his memoranda as presenting such a

26    motion in themselves, because neither memorandum indicates what relief he is seeking.[2]  A

27

28    _____

    [2] Passages of the original memorandum could be read as suggesting that Plaintiff sought to prevent
    the inauguration of Donald Trump, which occurred approximately two months before Plaintiff

proposed order included with the first memorandum simply states: "Upon the ex parte application of Kho Chin Lim and upon reading the declaration of Khor Chin Lim pro se and the supporting documents[,] IT IS ORDERED THAT the EX PARTE MOTION IS GRANTED." ECF No. 4 at 28. None of Plaintiff's filings make clear what he might be asking the Court to restrain. The Court therefore concludes that no motion for a temporary restraining order is pending for the Court to decide.

**E.    Conclusion**

For the reasons stated above, Plaintiff's application to proceed in forma pauperis is GRANTED, his motion for service to be completed by the U.S. Marshal is DENIED without prejudice, and Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed by filing no later than three weeks from the date of this Order either an amended complaint or a response arguing why his current Complaint is sufficient.

**IT IS SO ORDERED.**

Dated: May 7, 2025

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

---

filed this action on March 19, 2025. *See* ECF No. 4 at 2 ("President elect Donald J Trump will attend inauguration on Jan 20, 2025."); *id.* at 4 ("There exist extreme difficulty to restrain President elect Donald Trump after he is sworn in as United President [sic].").